The Attorney-General brings this bill of complaint and seeks preliminary injunction to restrain the defendant Home Service Society from continuing business, and prays for the appointment of a custodial receiver.
The Home Service Society was organized on January 2d 1936, as a fraternal beneficiary association, providing benefits to its members in case of sickness, disability and death under the act of the legislature to incorporate associations not for pecuniary profit. R.S. chapter 1 title 15. Permission to do business was granted by the Commissioner of Banking and Insurance on August 2d 1938, pursuant to R.S. 17:39-4.
 R.S. 17:40-2 provides: "When the commissioner is satisfied that any such association (fraternal beneficiary association) doing business in this state is exceeding its power, or conducting its business fraudulently, he may * * * examine into the condition, affairs, character and business methods, accounts, books and investments of the association at its home office. * * *." Having examined into the condition and affairs of the defendant Society the Commissioner charges that the Society is not conducting its business as a fraternal beneficiary association within the meaning of the statute and that it conducts its business fraudulently in that it falsely represents the nature of its business and the object of its creation; that the Society is insolvent and that it lately illegally merged with Durable Life Association.
R.S. 17:44-2 provides that if any such association "exceeds its powers, conducts its business fraudulently, fails to comply with any of the provisions of chapters 39 to 44 of this title (§§17:39-1 et seq.) * * * the commissioner or person designated by him, shall give notice in writing to the attorney general, who shall immediately commence an action against the association to enjoin it from carrying on business. If the court finds that the association is in default as charged it shall grant an injunction, but no injunction against any association shall be granted by any court except on application by the attorney general, at the request of the commissioner. No association so enjoined may continue business until the * * * act or violation complained of is corrected, *Page 189 
nor until the costs of the action are paid by it, whereupon the commissioner shall reinstate the association, and not until then shall the association be allowed to do business in this state. * * *." The Commissioner having given written notice to the Attorney-General as required by this section, this suit was instituted.
It appears from the evidence that the agents employed by the Society were instructed to solicit insurance for which they received a commission; that the agents had no knowledge that the Society was incorporated as a fraternal organization. From the testimony and affidavits of a number of so-called members it also appears that they were not informed and did not know that they were joining a fraternal organization. All they knew was that they were buying insurance. None of the affiants were initiated or inducted into the defendant Society and none ever attended any ritualistic ceremony of the Society or had any notice or knowledge of any.
The defendant's proofs consist of stereotyped affidavits of half a dozen secretaries of various chapters of the Society (five of which are located in Newark) who say that at the time of their appointment they were told that the Society was a fraternal organization and that when each chapter consisted of 100 members a charter would be granted by the national organization after which the members would be inducted with ritualistic ceremonies. It does not appear that any of the chapters procured the necessary 100 members or received a charter although the society has been organized for upwards of five years.
It also appears that in the annual statement for the year 1940 filed with the Commissioner of Banking and Insurance as required by R.S. 17:40-1 the defendant Society listed unpaid claims in an amount of $800. The Commissioner's examination of the Society discloses that the unpaid claims for the same period covered by the report amount to $2,000.
The evidence warrants the issuance of preliminary injunction and such will be the order. The Court has the power under its inherent equitable jurisdiction to appoint a custodial receiver whose duty it is to preserve the corporate assets *Page 190 pendente lite. This power does not and never did depend upon statute nor upon the character of the parties, whether individuals or corporation, nor upon the nature of the property.Smith v. Washington Casualty Insurance Co., 110 N.J. Eq. 122;159 Atl. Rep. 510. A custodial receiver will be appointed.
The matter of the validity of the merger of the defendant Society with the defendant Durable Life Association must await final hearing. *Page 191